IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN T. LONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0859-N |
| | § | |
| FEDERAL HOME LOAN | § | |
| MORTGAGE CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

This Order addresses Defendants Federal Home Loan Mortgage Corporation ("FHLMC") and Chase Home Finance, LLC's ("Chase") motion for summary judgment [13], Defendant Barrett Burke Wilson Castle Daffin & Frappier, LLP's ("Barrett Burke") motion for summary judgment [15], Defendant Joel H. Roth's motion for summary judgment [18], and Defendant United Mortgage & Loan Investment, LLC's ("United") motion for summary judgment [20].[1]  For the reasons provided below, the Court grants all four motions.

---

[1]United Mortgage also filed a motion to dismiss [7] on June 11, 2007.  Because the Court grants United's motion for summary judgment, the Court need not reach United's prior motion to dismiss.

ORDER – PAGE 1

## I. FACTUAL BACKGROUND

This case arises from the foreclosure of 4502 Vandelia St., Dallas, Texas 75219 (the "Property").[2] According to his First Amended Original Petition (the "Petition"), Plaintiff Steven T. Long owns and resides at the Property. Long received ownership of the Property from David Slonim, who assigned his rights in the Property by Warranty Deed. Despite this transition of rights, Slonim remained the obligated debtor with respect to two loans secured on the Property and held by Chase and United, respectively.[3] According to the Petition, pursuant to an agreement with Slonim, Long has "power of attorney" to handle all matters related to these two mortgages and has been "effectively" paying the mortgage payments for eight years.

Both United and Chase sought to foreclose on the Property at various times. Long alleges that United tried to foreclose "on multiple occasions but failed, each time." Long further alleges that, in dealing with United, Slonim sought out the advice of Roth, a CPA, who contacted United on Slonim's behalf. According to Long, Roth's actions interfered with "the agreement between [Long] and SLONIM" and caused United to cease negotiating with Long regarding repayment of the debt.

---

[2]Because Plaintiff failed to respond to any of the motions for summary judgment now before the Court, the record in this case is not well developed. The Court recounts the facts as best it can from Plaintiff's First Amended Petition and the Defendants' undisputed summary judgment evidence.

[3]Summary judgment evidence establishes that the loan held by Chase was secured by a deed of trust. The record does not indicate what form of loan United held on the Property. This information is of no consequence, however, because United never foreclosed on the Property.

Later, Chase also sought to foreclose on the Property and, unlike United, was successful in doing so. In August 2006, after what it refers to as "more than a decade of late or missing payments, the opening and closing of multiple bankruptcy proceedings, and numerous failed attempts to return the loan to good standing,"[4] FHLMC & Chase's Br. in Support of Mot. Summ. J. at 1, Chase notified Slonim of its intent to accelerate the indebtedness on the loan and foreclose on the Property. As required by Texas law, Chase gave written notice via certified mail to Slonim, the named debtor, sent to the address of the Property. Shortly thereafter, in the absence of any opposition or attempt to cure the deficiency on the part of Slonim, Chase sold the property at a foreclosure sale to FHLMC. Barrett Burke served at Chase's legal counsel during this time.

After purchasing the Property, FHLMC initiated a forcible detainer suit against Long in Justice of the Peace Court, Precinct 5-2, Dallas County, Texas (the "Forcible Detainer Action"). In response, Long filed this suit in Bexar County, Texas alleging causes of action against Chase, Barrett Burke, FHLMC, and United for wrongfully foreclosure and against Roth for tortious interference with contractual relations, and seeking injunctive relief preventing Chase and FHLMC from proceeding in the Forcible Detainer Action.[5] Venue was later transferred to Dallas County where FHLMC timely removed the action to this Court

---

[4]Long nowhere disputes that Chase initiated the foreclosure on legitimate grounds. Rather, Long contends only that Chase, FHLMC, and Barrett Burke wrongfully foreclosed on the Property without first providing notice as required by Texas law.

[5]Long also brings a number of claims against Defendant Mike Dupree, the Dallas County Constable for Precinct 5, for allegedly falsely reporting that he served process on Long in the Forcible Detainer Action.

pursuant to 12 U.S.C. section 1452(f). Now, these five defendants move in four motions for summary judgment on various grounds; Long failed to responded to any of the four motions. For the reasons given below, the Court grants summary judgment in favor of each movant.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, courts need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In doing so, the nonmovant may not rely on "naked assertions of an actual dispute" but instead "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *In re Lewisville Props., Inc.*, 849 F.2d 946, 950 (5th Cir. 1988) (citing *Anderson*, 477 U.S. at 255-56). Moreover,

"[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). If the nonmoving party fails to make a showing sufficient to establish an element essential to its case, the Court must grant summary judgment. *Celotex*, 477 U.S. at 322-23.

### III. UNITED DID NOT FORECLOSE ON THE PROPERTY AND THEREFORE CANNOT BE LIABLE FOR WRONGFUL FORECLOSURE

The Court first grants summary judgment in favor of United because United never foreclosed on the Property. For a wrongful foreclosure claim to exist, there must first be a foreclosure sale. *See Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App. – Corpus Christi 2002, no pet.) ("[O]ne of the elements of wrongful foreclosure is an irregularity in the sale . . . . Because there has been no foreclosure in this case, appellees' argument . . . involving wrongful foreclosure is misplaced."); *see also Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 546 (Tex. Civ. App. – Beaumont 1977, no writ) (holding that Texas law does not recognize a cause of action for "attempted wrongful foreclosure"). Here, by Long's own admissions, United never successfully foreclosed on the Property. Petition at 6 ("UNITED posted the subject property for foreclosure on multiple occasions but *failed, each time, to so foreclose* . . . ." (emphasis added)); Pl.'s Resp. to United's Req. for Admis., United's App. 18 (admitting United's Request for Admission No. 1 that "United Mortgage did not foreclose on any lien related to the Property" and Request for Admission No. 3 that "United Mortgage did not sell the Property."). Accordingly, the

Court finds as a matter of law that Long cannot bring a claim for wrongful foreclosure against United and grants summary judgment in United's favor on that claim.[6]

### IV. DEFENDANTS HAD NO DUTY TO NOTIFY LONG OF THE FORECLOSURE BECAUSE LONG WAS NOT THE DEBTOR

The Court next grants summary judgment in favor of Chase, FHLMC, and Barrett Burke because Defendants had no duty to provide notice of the foreclosure to Long because Long was not the named debtor obligated on Chase's deed of trust. In his Petition, Long alleges that Chase's foreclosure on the Property pursuant to its deed of trust was wrongful because Long did not receive proper notice. However, the Texas statute governing foreclosure sales pursuant to deeds of trust makes clear that notice is proper so long as the *debtor* in default is notified by certified mail. *See* TEX. PROP. CODE § 51.002(e) ("Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage paid and addressed *to the debtor* at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." (empahsis added)).[7] In other words, under

---

[6]Long's Petition also states: "[United's] continued postings were little more than an attempt to harass and intentionally inflict emotional [sic]." To the extent that Long's Petition also alleges a cause of action against United for intentional infliction of emotional distress, the Court grants summary judgment in United's favor with respect to that claim. Long nowhere alleges and did not introduce any summary judgment evidence to show that United actually inflicted any emotional distress. Long merely states that United "attempted" to do so. Accordingly, the Court finds Long's "[c]onclusory allegations . . . and unsubstantiated assertions," *Douglass*, 79 F.3d at 1429, insufficient to withstand summary judgment.

[7]The individual subsections requiring notice of default and notice of the foreclosure sale also expressly contemplate notice only to the debtor. *See id.* § 51.002(b) (requiring service of notice of the foreclosure sale "by certified mail *on each debtor who*, according to

Texas law, there is no duty to notify those who are not parties to the deed of trust. *See Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975) ("There is no requirement that personal notice be given to persons who were not parties to the deed of trust."). This is true no matter how close of a personal or financial relationship a non-debtor may have had with the debtor, *see, e.g.*, *Stanley v. CitiFinancial Mortgage Co.*, 121 S.W.3d 811, 817 (Tex. App. – Beaumont 2003, pet. denied) (holding that the wife of a debtor is not entitled to notice of foreclosure sale); *Long v. NCNB-Tex. Nat'l Bank*, 882 S.W.2d 861, 865-66 (Tex. App. – Corpus Christi 1994, no writ) (holding that a guarantor of the debt is not entitled to notice of a foreclosure sale), and even applies to non-debtors who, like Long, had been making mortgage payments, *see Hausmann v. Tex. Sav. & Loan Ass'n*, 585 S.W.2d 796, 800 (Tex. Civ. App. – El Paso 1979, writ ref'd) (holding that the owners of property who were making payments on a deed of trust on that property, but who were not officially obligated on the note, were not entitled to notice of a foreclosure sale).

  Here, the undisputed summary judgment evidence establishes that Slonim, not Long, is the obligated party on the deed of trust held by Chase and that Chase properly notified Slonim that his debt was in default and that Chase intended to foreclose on the Property by sending written notice via certified mail with postage prepaid to the Property, which was Slonim's last known address according to Chase's records. Accordingly, no Defendant in

---

the records of the mortgage servicer of the debt, *is obligated to pay the debt*" (emphasis added)); *id.* § 51.002(d) ("Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a *debtor* in default under a deed of trust . . . with written notice by certified mail stating that the debtor is in default . . . ." (emphasis added)).

ORDER – PAGE 7

this case had a duty to notify Long that the loan was in default or of the impending foreclosure.[8]  Therefore, the Court finds as a matter of law that Long cannot bring a claim for wrongful foreclosure against Chase, FHLMC, or Barrett Burke[9] and grants summary judgment in each Defendant's favor as to that claim.[10]

---

[8]Moreover, it appears that Long did, in fact, have actual notice of the default and foreclosure.  As stated above, the summary judgment evidence in this case shows that notice that the debt was in default and that Chase intended to foreclose was mailed via certified mail with postage prepaid to the Property, where Long admits that he was residing at the time.  Long further alleges that he has "power of attorney" to "handle all matters related to all mortgages" on the Property.  Therefore, Long would surely have taken notice of a mailing delivered to his address via certified mail, addressed to Slonim, and sent from Slonim's mortgage servicer.  *See Hausmann*, 585 S.W.2d at 800 (holding that written notice via certified mail sent to the address of the foreclosed-on property, where the plaintiffs who were making payments for but were not officially obligated on the note resided, "complied with the requirements of [the Texas foreclosure statute]" because "the evidence shows a good faith attempt to notify the Plaintiffs of the Trustee's sale at an address that was effective" and "[t]he reasonable inference . . . is that the Plaintiffs knew of the letter, knew it was from the Trustee, surmised that it related to the sale and refused to pick it up.").

[9]In his Petition, Long states: "Defendant Barrett is the attorney for CHASE and provided the substitute trustee, whose identity at this time is unknown.  Such trustee has violated his or her fiduciary duty."  To the extent that Long alleges a causes of action against Barrett Burke for breach of fiduciary duty, the Court further grants summary judgment in Barrett Burke's favor as to that claim.  Under Texas law, the trustee for Chase's deed of trust would not have owed a fiduciary duty to Long, even if Long had been the named debtor.  *See Stephenson v. LeBoeuf*, 16 S.W.3d 829, 837 (Tex. App. – Houston 2000, pet. denied) (holding that a trustee of a deed of trust "does not owe a fiduciary duty to the mortgagor").

[10]Because the Court grants summary judgment against Long on all of his wrongful foreclosure claims, the Court further holds that Long is not entitled to injunctive relief halting the Forcible Detainer Action.  *See, e.g.*, *Speaks v. Kruse*, 445 F.3d 396, 399 (5th Cir. 2006) (stating that a preliminary injunction shall not issue without a showing of "substantial likelihood of succeed on the merits").

### V. LONG FAILED TO RAISE A GENUINE ISSUE OF MATERIAL FACT SHOWING THAT ROTH KNOWINGLY INTERFERED WITH AN AGREEMENT BETWEEN LONG AND SLONIM OR THAT SUCH INTERFERENCE RESULTED IN ACTUAL DAMAGES

Finally, the Court grants Roth's motion for summary judgment because Long failed to raise a genuine issue of material fact showing that Roth willfully and intentionally interfered with the alleged agreement between Long and Slonim or establishing that Long incurred actual damages as a result of Roth's actions.[11]  "The elements of tortious interference with a contract are: (1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss." *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 446-47 (Tex. App. – Houston 2007, no pet.) (quoting *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998)).  For an alleged interferer to act willfully and intentionally, he or she must have knowledge of the agreement at issue. *See Dunn v. Calahan*, No. 03-05-00426-CV, 2007 WL 2462040, at *3 (Tex. App. – Austin Aug. 28, 2007, no pet. h.) ("A willful act involves more than simple participation in some act with the breaching party . . . . The defendant must knowingly induce one of the contracting parties to breach its obligations.").  In fact, liability for tortious interference with a contract requires "a finding that the defendant performed certain acts with the knowledge or belief that interference with a contract would result." *Id.*

---

[11]Roth argues in his brief that he is entitled to summary judgment because Long cannot show that Roth's acts were independently unlawful.  This argument erroneously conflates the elements of tortious interference with *prospective* business relations with the elements of tortious interference with (existing) contractual relations.  *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 727 (Tex. 2001) ("[W]e treat tortious interference with prospective business relations differently than tortious interference with contract.").

(citing *Southwestern Bell Tel. Co. v. John Carlo Tex.*, 843 S.W.2d 470, 472 (Tex. 1992)). Here, the Court cannot make such a finding because Long failed to allege or present any summary judgment evidence suggesting – let alone raising a genuine issue of material fact establishing – that Roth was aware that any agreement existed between Long and Slonim.

Further, Long has failed to raise a genuine issue of material fact showing that he was actually damaged as a result of Roth's communication with United on Slonim's behalf. As discussed above, it is undisputed that United did not foreclose on the Property. Accordingly, Slonim's actions in negotiating with United through Roth, whatever the circumstances behind their initiation might be, ultimately averted United's attempted foreclosure and apparently resulted in a favorable outcome for Long. Long neither alleges nor provides any other summary judgment evidence indicating that he was harmed as a result of Roth's action in any way. At best, Long alleges that, following Roth's communication with United, Slonim had the Property's utilities temporarily turned off. Long, however, does not allege or provide any summary judgment evidence indicating that Roth's interference, or anything else other than Slonim's free will, caused Slonim to take this action. In any event, it appears from the structure of the Petition that this allegation, which is located in a new paragraph following Long's allegations regarding Roth's actions, was intended to state separate allegations against Slonim, who was a defendant in this action at the time the Petition was filed, rather than to supplement Long's claim against Roth. Accordingly, the Court finds as a matter of law that Long cannot state a claim against Roth for tortious interference with a contract, and therefore grants summary judgment in Roth's favor as to that claim.

## VI. CONCLUSION

Accordingly, for the reasons given above, the Court grants United, Chase, FHLMC, Barrett Burke, and Roth's motions for summary judgment.

Signed December 12, 2007.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 11